

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRY HUBBARD, et al.,          }
                                }
     Plaintiffs                 }
                                }    CIVIL ACTION NO.
v.                              }    02-AR-2451-S
                                }
AMERICAN REPUBLIC INSURANCE     }
COMPANY,                        }
                                }
     Defendant.                 }

## MEMORANDUM OPINION

The only real question to be decided in this removal case arises from the difference of opinion between the parties about when the case became removable from the state court. The case provides a good illustration of the problem created when Congress narrowed the diversity jurisdiction of the federal courts by limiting the time for a diversity removal to one year from the date upon which it was filed in the state court. Theoretically, if such a case first becomes removable on the day before the expiration of that critical one year, the defendant does not have the usual thirty days within which to remove, and instead, has only one day to file his notice of removal. This mathematical fact heightens a defendant's necessary level of awareness about, and attention to, that magic moment of removability, that is, if the defendant desires a federal forum, which, unlike a state forum, has jurisdictional limits that are statutory and strictly enforced.

The defendant here, American Republic Insurance Company, was



sued by Terry Hubbard and Susan Hubbard in the Circuit Court of Jefferson County, Alabama on December 10, 2001. Plaintiffs sought an indeterminate amount of damages as a proximate consequence of defendant's alleged failure to pay medical benefits due plaintiffs by contract. The complaint included an ominous claim for mental anguish as part of the contract damages, and an even more ominous tort claim of bad faith refusal to pay. As this court pointed out in *Smith v. Equitable Life Assur. Co. of U.S.*, 148 F. Supp. 2d 1247 (N.D. Ala. 2001), a complaint like this one in Alabama should automatically alert a defendant to the fact that the amount in controversy exceeds $75,000, that is unless the plaintiff expressly disclaims any intent to seek more than $75,000 and permanently caps his *ad damnum*.

The following words in the original complaint filed in this case cannot be interpreted as the words of plaintiffs who are looking for less than $75,000 from the defendant:

> Defendant. . . has acted toward plaintiffs with a conscious disregard of plaintiffs' rights, or with the intent to vex, injure, or annoy plaintiffs, such as to constitute oppression, fraud or malice, thereby entitling plaintiffs to punitive damages.
>
> * * *
>
> . . . the contractual duty owed to them [plaintiffs] by defendant . . . is so related with matters of mental concern or apprehensiveness or with the feelings of plaintiffs that a breach of that duty reasonably resulted in mental anguish . . .

In the instant case, not only did the allegations of the

original complaint constitute a neon sign notice of the existence of the requisite jurisdictional amount under 28 U.S.C. § 1332, but longer than thirty days before this removal defendant actually knew that the ostensibly covered medical expenses of plaintiffs, unreimbursed by defendant, exceeded $30,000. More than thirty days before its removal defendant offered $50,000 to settle the case. This was, then, not a case in which the out-of-pocket losses were so inconsequential as not to form a platform upon which a large punitive award could be built. In other words, this case is not at all like *Arnold v. Guideone Specialty Mutual Insurance Co.*, 142 F. Supp. 2d 1319 (N.D. Ala. 2001).

The court sympathizes with lawyers like those representing American Republic who are faced with what they claim to be a dilemma in that if they removed within thirty days after their client received the initial service of process with no *ad damnum* in the complaint, some federal judge would find that they had not met their burden of proving at least $75,000 in controversy. In *Williams v. Best Buy Company, Inc.*, 269 F. 3d 1316 (11th Cir. 2001), the Eleventh Circuit provided a satisfactory solution to this dilemma, by saying:

> **When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.** If the jurisdictional amount is not facially apparent from the complaint, the court may look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case is removed.

3

(emphasis supplied).

This language is proof positive that the Eleventh circuit does not require an express *ad damnum* of more than $75,000 in order to make removability **"apparent."** Either the Hubbards' complaint, which did not include "a specific amount of damages," contained plenty enough to make it "facially apparent . . . that the amount in controversy exceeds the jurisdictional requirement," or, if the removal had occurred shortly after the complaint was filed, the federal court, if not then satisfied with the existence of $75,000 in controversy, could have "require[d] evidence relevant to the amount in controversy" and could have resolved the question of the amount by itself smoking out the plaintiffs. Obviously, a decision to remove or not to remove where there is no *ad damnum* involves an exercise of judgment by a defendant's lawyer. In this case, the court has no hesitancy in concluding that the existence of more than $75,000 in controversy was **apparent** from the very beginning. Nevertheless, assuming *arguendo* that there is a basis for legitimate debate about what was apparent from the original complaint, defendant had the responsibility timely to smoke out plaintiffs' intentions, either by removing within thirty days without first engaging in discovery, or by engaging in enough instantaneous discovery to obtain plaintiffs' quick confession that they are expecting to recover more than $75,000.

Does American Republic contend that it could have safely

4

waited to remove until the morning of November 18, 2002, the day upon which the Circuit Court of Jefferson County has set this case for trial, if defendant had not actually learned until then that plaintiffs have such big ideas about the value of their suit?  A defense lawyer can say that it did not become "apparent" to him that the plaintiff is seeking more than $75,000 until he hears the plaintiff's lawyer make his opening statement on when he looks at the blackboard with the dollar signs on it.

Defendant is now saying that it did not learn that plaintiffs were seeking more than $75,000 until plaintiffs made a settlement demand of $750,000 and/or until defendant finally took Susan Hubbard's deposition.  Assuming that this is true, defendant had no absolute obligation to take Ms. Hubbard's deposition, and the Hubbards had no obligation whatsoever to make a settlement offer.  November 18 would have been within the one year window of opportunity for removal.  If it had not been until that day that defendant got the awful news that plaintiffs are looking for more than $75,000, they would be in exactly the same position they are in today.

If defendant had removed within thirty days after initially being served, and the case had been assigned to this judge, and if this judge had erroneously remanded the case upon his finding that the required amount in controversy had not been proven, defendant could again have removed, if thereafter and within the one year

window, plaintiffs had made a demand of more than $75,000 or otherwise removed the enigma inherent in a complaint that simply leaves it to the jury to assess damages. A second removal under such circumstances not only could be expected but could not be disallowed.

The question of federal subject matter jurisdiction is not always decided on the basis of perceived "fairness." A plaintiff's selection of the state court as his forum makes that forum presumptively the correct forum. This is the way the federal system works.

Because the attorneys for the removing defendant here argue that they were faced with a legitimate quandary, and because of the non-uniformity of the decisions on the removal question presented by this case, the court will not tax costs against their client, and therefore will deny plaintiffs' motion to tax costs and attorneys fees against defendant.

A separate order of remand will be entered.

DONE this 17th day of October, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE